IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>vs.<br><br>KEAYON M. HADLEY,<br><br>*Defendant.* | Case No. 19-10052-EFM |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant's Motion for Compassionate Release and Motion to Appoint Counsel (Doc. 38). He seeks early release from prison due to underlying health conditions that make him susceptible to having serious complications should he contract COVID-19. The government opposes Defendant's motion. For the reasons stated in more detail below, the Court denies Defendant's motion.

**I.    Factual and Procedural Background**

On August 30, 2019, Defendant pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and (2). On November 18, 2019, Defendant was sentenced to 40 months imprisonment. Defendant is 42 years old, and he is currently incarcerated at El Reno FCI. There have been 14 positive cases, and no inmates have died in the facility in which

Defendant is housed.[1]  Currently, there are no active inmate cases and eight active staff cases. Defendant's projected release date is December 20, 2021.

On August 17, 2020, Defendant filed a motion seeking early release due to the risk of contracting COVID-19 in prison.  He states that he has underlying medical conditions, as found in his presentence investigation report, that make him more susceptible to serious health complications should he contract COVID-19.  Defendant also requests to be sent to Kansas "to deal with [a] warrant issued by [the] Kansas Parol[e] Board or Inmate review board."[2]  Finally, Defendant seeks the appointment of counsel to assist him with his compassionate release motion.

District of Kansas Standing Order 19-1 appoints the Federal Public Defender ("FPD") to represent indigent defendants who may qualify to seek compassionate release under § 603 of the First Step Act.  Administrative Order 20-8 supplements 19-1 and sets forth procedures to address compassionate release motions brought on grounds related to the COVID-19 pandemic.  Under 20-8, the FPD has 15 days to notify the Court whether it intends to enter an appearance on behalf of any pro se individual filing a compassionate release motion based on COVID.  Here, the FPD notified the Court that it did not intend to enter an appearance to represent Defendant.

## II.     Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[3]  It allows defendants to seek early release

---

[1] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited October 5, 2020).  There are two pending tests.

[2] To the extent Defendant requests a prison transfer, the Court does not have the jurisdiction to do so because 18 U.S.C. § 3621(b) gives the BOP the final decision as to the prisoner's placement.  *See United States v. Lazo-Herrera*, 927 F. Supp. 1472, 1473 (D. Kan. 1996) (citations omitted).

[3] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

from prison provided certain conditions are met.  First, "a criminal defendant may file a motion for compassionate release only if: '(1) he has exhausted all administrative rights to appeal the [Bureau of Prisons' ("BOP")] failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf.' "[4] The administrative exhaustion requirement is jurisdictional and cannot be waived.[5]

Next, if a defendant satisfies the exhaustion requirement, the Court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the Court determines: (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[6]  Finally, the Court must ensure that any reduction in the defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[7]

---

[4] *United States v. Boyles*, 2020 WL 1819887, at *2 (D. Kan. 2020) (citing *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A).

[5] *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *United States v. Read-Forbes*, --- F. Supp. 3d ---, 2020 WL 1888856, at *3–4 (D. Kan. 2020) (examining the text, context, and historical treatment of § 3582(c)'s subsections to determine that the exhaustion requirement is jurisdictional); *Boyles*, 2020 WL 1819887, at *2 (determining that exhaustion of administrative remedies is a prerequisite for the court's jurisdiction); *cf. United States v. Younger*, 2020 WL 3429490, at *3 (D. Kan. 2020) (reasoning that the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[6] 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

[7] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission's policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

### III. Analysis

Defendant seeks early release based on underlying medical conditions that make him more susceptible to severe complications should he contract COVID-19 in prison. The government asserts that Defendant is not an appropriate candidate for early release.

**A.  Exhaustion**

Defendant has satisfied the exhaustion requirement described in § 3582(c). Although Defendant does not explicitly address exhaustion and whether he received a response from the Warden, the government admits that Defendant meets the exhaustion requirement. In addition, the government attached a document demonstrating that Defendant requested a reduction in sentence on May 11, 2020, which was denied. Thus, because more than 30 days have passed since Defendant's request, the Court has jurisdiction to decide his motion.

**B.  Extraordinary and Compelling Reasons**

Defendant asserts that his medical conditions, as set forth in his presentence investigation report, coupled with the outbreak of COVID-19 constitutes an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A). Defendant has been diagnosed with hypertension, morbid obesity, chronic obstructive pulmonary disease ("COPD"), and Type II Diabetes.[8] Three of these conditions, obesity, COPD, and diabetes, are listed by the Centers for Disease Control and Prevention ("CDC") as ones that increase an individual's risk for severe illness from COVID-19.[9] Hypertension is listed as a condition that may be at increased risk.[10]

---

[8] Doc. 34 at 6, 16.

[9] CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited October 5, 2020).

[10] *Id.*

-4-

The Court is sympathetic to Defendant's concerns and recognizes that Defendant's risk of complications from COVID-19 may be higher due to his multiple underlying health conditions. Thus, the Court finds that these medical conditions, in tandem with the COVID-19 pandemic, may present an extraordinary and compelling reason. Accordingly, the Court will move on to consider the § 3553(a) factors.

**C**.    **Section 3553(a) Factors**

Even if Defendant could establish that his health conditions from COVID-19 in prison constitutes an extraordinary and compelling circumstance, the Court's consideration of the applicable sentencing factors enumerated in § 3553(a) would dictate against early release.[11] Some of these factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentence disparities.[12]

Defendant pleaded guilty to the offense of felon in possession. The sentencing guideline range was 37 months to 46 months based on Defendant's criminal history and offense. The Court sentenced Defendant to 40 months.

At this point, Defendant has served a little over half of his sentence and has 15 months remaining. Reducing Defendant's sentence to time served would not reflect the seriousness of Defendant's criminal conduct nor provide adequate deterrence or appropriate punishment. Furthermore, there is no widespread outbreak at the facility in which Defendant is housed. Although El Reno FCI has tested 289 inmates for COVID-19, only 14 have tested positive, and

---

[11] 18 U.S.C. § 3582(c)(1) (stating that the court should consider the factors set forth in § 3553(a) when determining the length of imprisonment).

[12] *Id*. § 3553(a).

there are no current active inmate cases. In addition, the BOP has implemented procedures to control outbreaks which appear to be working in this facility. Thus, Defendant is not at relatively high risk based on the very low number of active, positive COVID-19 cases in his facility. The Court finds that the 40-month sentence originally imposed remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense involved. Accordingly, the Court finds that Defendant does not demonstrate extraordinary and compelling reasons to warrant his early release from prison.

**D.     Counsel**

Defendant requests the appointment of counsel to assist with the preparation and briefing of his compassionate relief motion. As noted above, the FPD notified the Court that it did not intend to enter an appearance to represent Defendant. There is no constitutional or statutory right to the appointment of counsel beyond the direct appeal of a criminal conviction.[13] Furthermore, Defendant's motion adequately articulates his arguments for relief.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release and Motion to Appoint Counsel (Doc. 38) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 7th day of October, 2020.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[13] *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008) (citation omitted); *see also United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015) (noting that "[n]o right to counsel extends to a § 3582(c)(2) motion") (citations omitted).